IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLENE LOGAN TAYLOR,

        Plaintiff,

v.                                                                                  CIVIL ACTION NO.   2:12-cv-00376

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 119] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.   Background

This action involves a Louisiana plaintiff who was implanted with TVT-Obturator ("TVT-O") and Prolift, mesh products manufactured by Ethicon. Am. Short Form Compl. [ECF No. 38] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html. The plaintiff's case was selected as an "Ethicon Wave 1 case."

## II.  Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Louisiana law applies to the plaintiff's claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiff originally filed this action in the Western District of Louisiana. Thus, the choice-of-law principles of Louisiana guide this court's choice-of-law analysis.

Under Louisiana law, a tort claim "is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied" to the claim. La. Civ. Code Ann. art. 3542 (listing factors such as place of injury, residence of parties, and the state in which the relationship between parties was centered to determine the appropriate state law). Ms. Taylor resides in Louisiana, she was implanted with the products at issue in Louisiana, and her alleged injuries and follow-up care occurred in Louisiana. Accordingly, I will apply Louisiana's substantive law to this case.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's claims are without evidentiary or legal support.

#### A. Conceded Claims

The plaintiff concedes the following claims: Count 1 (negligence), Count II (strict liability – manufacturing defect), Count IV (strict liability – defective product), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), Count XIV (gross negligence), and Count XV (unjust enrichment). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

#### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under the

4

Illinois statutes of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV.  Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 119] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count 1 (negligence), Count II (strict liability – manufacturing defect), Count IV (strict liability – defective product), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), Count XIV (gross negligence), and Count XV (unjust enrichment). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    March 14, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE